IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARQUE BOWERS, ) | |
| ) | No. 14-cv-6259 |
| Plaintiff, ) | |
| ) | Judge Gettleman |
| -vs- ) | |
| ) | |
| THOMAS DART, Sheriff of Cook County, ) | |
| COOK COUNTY, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RULE 50(a) MOTION
FOR JUDGMENT AS A MATTER OF LAW**

Defendants THOMAS J. DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, by their attorney, ANITA ALVAREZ State's Attorney of Cook County, and through her Assistant State's Attorneys, and pursuant to FEDERAL RULE OF CIVIL PROCEDURE 50(a), move for judgment as a matter of law based upon the evidence submitted in this trial. In support thereof, the Sheriff's Office states the following:

**INTRODUCTION**

This Court found Defendants liable for the violation of Plaintiff's rights secured by the Americans with Disabilities Act. Additionally, the Court limited Plaintiff's damages to the time period of January 2013 through November 2015. Throughout the pendency of this action however Plaintiff was and remains a "prisoner" as defined by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(h). Consequently, Plaintiff cannot recover damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury…" 42 U.S.C. § 1997e(e). Plaintiff failed to show any physical injury in this case; accordingly, the jury award of damages should be vacated and the court should return a judgment in favor of Defendants.

## LEGAL STANDARD

FEDERAL RULE OF CIVIL PROCEDURE 50(a) states:

Judgment as a Matter of Law.

(1) *In General,* if a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

(A) resolve the issue against the party; and

(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

(2) *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a). Under Rule 50(a), "the district court must enter judgment if, under the governing law, a reasonable fact-finder could not find for the nonmoving party." *Shields Enterprises, Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992). a reasonable fact-finder cannot not find Plaintiff suffered physical injury and, therefore, under §1997e(e) of the PLRA, cannot award damages for any alleged mental or emotional pain.

## ARGUMENT

The plain language of the statute mandates that Plaintiff cannot recover "for mental or emotional injury suffered while in custody without a prior showing of physical injury…" 42 U.S.C. § 1997e(e). Unlike some constitutional claims that allow for the recovery of nominal damages, *see Rowe v. Shake*, 196 F.3d 778, 781-82 (7th Cir. 1999) (deprivation of the First Amendment right is a cognizable injury, regardless of any resulting mental or emotional injury), Plaintiff can only recover for "injuries that the plaintiff has proved by a preponderance of the evidenced were caused by defendants' wrongful conduct." Jury Instructions, Dkt. _ p. 17. Additionally, the only

type of compensatory damage Plaintiff is allowed to recover is for "physical and mental/emotional pain that plaintiff has experienced." *Id*. In other words, the PLRA's "physical injury" requirement applies.

In addition to the plain language of the statute, this circuit applies the "physical injury" requirement to Title II cases. In *Cassidy v. Indiana Dep't of Corrections*, 199 F.3d 374, 375-76 (7th Cir. 2000), for example, the Seventh Circuit refused to allow the plaintiff seek damages for emotional injuries against the Indiana Department of Corrections in his Title II action. Citing the plain language of the statute and the D.C. Circuit Appellate Court in *Davis v. District of Columbia*, 332 U.S. App. D.C. 436 (D.C. Cir. 1998) the court reasoned "Congress did not intend to exempt such actions from sec. 1997e(e)'s ambit." *Cassidy*, 199 F.3d at 376. *Accord Shaw v. Wall*, 2015 U.S. Dist. LEXIS 55259, *3-*6 (W.D. Wisc. April 28, 2015) (following *Cassidy* and granting defendant's motion *in limine* to bar the plaintiff's claims for emotional injuries under the Rehabilitation Act of 1973 as the plaintiff had not shown anything more than *de minimis* physical injuries).

In *Shaw*, the plaintiff alleged he suffered a physical injury when he had a stuffy nose. *Shaw*, 2015 U.S. Dist. LEXIS 55259, at *5. In granting defendants' motion *in limine*, the court cited several cases including a Fifth Circuit case where nausea and vomiting was *de minimis* and did not overcome the bar of § 1997e(e). *Id*., citing *Alexander v. Tippah Cnty., Miss*., 351 f.3d 626, 631 (5th Cir. 2003). Additionally, physical manifestations of psychological injuries do not qualify. *Id*., citing *Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006) (Seventh Circuit rejected an inmate's claim of physical injury when he was "mentally and physically depressed" and "lost at least 50 pounds.") In this case, Plaintiff testified at trial that he was constipated, had gas and

3

nausea and that he felt like throwing up. Tr. Trans. 9/12/16 Dkt. _. Such pain and discomfort do not rise above *de minimis*; consequently, Plaintiff cannot recover for mental/emotional pain here.

Plaintiff failed to allege in his complaint and did not submit evidence at trial of any physical injury that rose above a *de minimis* level as a result of the denial of access to toilets and sinks when he attended court. Plaintiff's only complaint of any physical injury was during transportation to court. Dkt. 18 ¶ 4. This Court determined Defendants were not liable for any violations of the ADA while transporting detainees to and from court. Having failed to produce evidence of any physical injury, Plaintiff not only cannot recover damages for any mental/emotional injury, he has not met his burden to recover any damages.

Furthermore, Plaintiff should not be able to recover any damages from January 1, 2015 through November 1, 2015. Jury instructions in this case allow the jury to consider damages from February 2013 until November 2015, Dkt. _, p. 16; however, the testimony at trial indicated that Plaintiff was given access to a fully accessible bathroom in the public area of the building each time he went to court beginning January 2015. Tr. Trans. 9/12/16 Dkt. _. Accordingly, Plaintiff was not denied access to a toilet or sink when he went to court during that time frame. Therefore, judgment should be entered in favor of Defendants, and Plaintiff granted no monetary award.

## CONCLUSION

WHEREFORE, defendants THOMAS J. DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS respectfully that this Honorable Court: (a) grant judgment as a matter of law based upon the evidence submitted in this trial and (b) grant such other and further relief that this Court deems just and reasonable.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

*/s/ Nicholas E. Cummings*
Nicholas E. Cummings
Assistant State's Attorney
Torts/Civil Rights Litigation Section
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-6638
nicholas.cummings@cookcountyil.gov


*/s/ Jacqueline Carroll*
Jacqueline Carroll
Conflicts Counsel
69 W. Washington St Suite 2030
Chicago, Illinois 60602
(312) 603-1434
jacqueline.carroll@cookcountyil.gov